## Jacob Horvitz, Defendant in Error, v. Nathan Shanfeld, Plaintiff in Error.

## Gen. No. 21,174.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed March 9, 1916.

## Statement of the Case.

Action of forcible detainer by Jacob Horvitz, plaintiff, against Nathan Shanfeld. The court directed a verdict for plaintiff and gave judgment for possession of the premises, from which defendant brings error.

The lease under which Nathan Shanfeld, the defendant, held the premises was in writing and under seal. The rent was payable monthly in advance and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Horvitz v. Shanfeld, 198 Ill. App. 254.

had been paid from time of entry until November, 1914. Defendant refusing to pay the rent for that month on demand therefor, a five days' notice was duly served, and on November 11th, a suit for forcible detainer was begun in the Municipal Court of Chicago, and on account of failure to pay the December rent on demand therefor, made December 14th, the suit at bar, without further notice, was begun December 16, 1914. After institution of and before judgment in the suit at bar, plaintiff took a nonsuit in the former. Defendant asked for dismissal of the latter suit because the former was pending when the suit at bar was begun.

At the trial the grounds of defense were (1) that defendant had not been given complete possession of the premises leased, he claiming that a room of the basement had been withheld from him and contained goods of the plaintiff which plaintiff on request had failed to remove; and (2) that when he paid the October rent plaintiff made a verbal agreement that he could stay and pay no more rent until plaintiff gave him possession of the basement. Defendant admitted that before the suit at bar was begun, plaintiff put a lock on the basement and left the key with him, which he refused to take because plaintiff had not removed said goods therefrom. There was also uncontradicted evidence that defendant refused to permit plaintiff's agent, sent there for that purpose, to remove the goods from such room.

WILLIAM L. MARTIN, for plaintiff in error.

BERNSTEIN, GROSSMAN & ZOLLA, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Horvitz v. Shanfeld, 198 Ill. App. 254.

## Abstract of the Decision.

1. ABATEMENT AND REVIVAL, § 48*—*when motion to dismiss because of pendency of prior action properly denied.* A motion in a suit of forcible detainer to dismiss same because of the pendency of a prior suit is properly denied, where the plaintiff after the institution of the second suit but before judgment took a nonsuit in the former suit.

2. FORCIBLE ENTRY AND DETAINER, § 22*—*what constitutes sufficient possession.* Where defendant in action of forcible detainer contended that he had not been given complete possession of the premises leased because a room in the basement was withheld from him and contained goods of the plaintiff which plaintiff on request had failed to remove, *held* in view of delivery of key to such room by plaintiff to defendant and the refusal of defendant afterwards to permit plaintiff's agent to remove such goods, that the defense of want of possession was without foundation.

3. LANDLORD AND TENANT, § 55*—*when oral agreement for nonpayment of rent unenforceable.* In an action of forcible detainer of leased premises where defendant contended that plaintiff verbally agreed with him that he could stay and pay no more rent until plaintiff gave him possession of the basement, a room in which defendant contended, contrary to the evidence, was withheld from him, such agreement was *nudum pactum*, without consideration, and so long as the contract contained in the lease under seal remained executory, the plaintiff had the right to repudiate the parol agreement and claim the full amount of rent.

4. TRIAL, § 191*—*when verdict properly directed.* There being no evidence that warrants a finding of the issues of fact for the defendant, no error in the rulings of the court and no complaint concerning instructions, a verdict for plaintiff is properly directed.

5. FORCIBLE ENTRY AND DETAINER, § 31*—*when notice to quit not necessary as prerequisite to maintenance of action.* In an action of forcible detainer where the terms of the lease expressly waive notice and demand, a contention that the lease sued on was terminated by bringing a prior action of forcible detainer which was dismissed, and that the action at bar would not lie until after the statutory notice to quit, is not tenable, as no notice or demand is necessary.

6. NEW TRIAL, § 81*—*when oral motion for new trial may be overruled without allowing additional time for presentation.* Overruling an oral motion for new trial at the close of the case without allowing additional time for its presentation deprived defendant of no right and was not an abuse of discretion.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.